UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Prime Success, L.P.,<br><br>                Petitioner,<br><br>-against-<br><br>Sinovac Biotech Ltd., 1Globe Capital LLC, OrbiMed Advisors LLC, OrbiMed Capital LLC, OrbiMed Partners Master Fund Ltd.,<br><br>                Respondents,<br><br>-and-<br><br>Equiniti Trust Company LLC, Cede & Co., and the Depository Trust Company,<br><br>                Relief Respondents. | Case No.: _____<br><br>**(PROPOSED) ORDER TO SHOW CAUSE WITH EMERGENCY RESTRAINTS IN AID OF <u>ARBITRATION</u>** |

Upon the Verified Petition for Emergency Injunctive Relief in Aid of Arbitration of Prime Success L.P. ("Prime Success" or "Petitioner"), dated June 12, 2025; the accompanying Declaration of K. McKenzie Anderson and the exhibits appended thereto; and Petitioner's Memorandum of Law in support of its Petition for Emergency Injunctive Relief in Aid of Arbitration;

**WHEREAS** foreign arbitration proceedings against Respondent Sinovac Biotech Ltd. ("Sinovac") are currently pending in Hong Kong and forthcoming in Beijing (the "Arbitrations");

**WHEREAS** Respondents have commenced proceedings in Antigua seeking, among other things, to invalidate Prime Success's investment agreements with Sinovac and its subsidiary, Sinovac L.S., and related relief;

**WHEREAS** Prime Success is currently a beneficial owner of 5,851,423 registered Sinovac

shares, as documented on the Sinovac share register maintained by the Depository Trust Company ("DTC") and is thereby entitled to the rights and privileges granted to all shareholders unless and until its shareholdings are invalidated;

**WHEREAS** Prime Success is also currently a beneficial owner of equity in Sinovac's subsidiary, Sinovac L.S., and is thereby entitled to the rights and privileges granted to all equity owners unless and until its ownership is invalidated; and

**WHEREAS** the issue of the validity or invalidity of Prime Success's investment agreements appears to be arbitrable; it is hereby

**ORDERED**, that sufficient reason having been shown therefor, pursuant to Fed. R. Civ. P. 64 and 65 and CPLR 7502:

(a) Respondents are **ENJOINED AND RESTRAINED** from taking any further action that would adversely affect Prime Success's rights and status as a Sinovac shareholder or to deprive Prime Success of those rights; and

(b) Respondents are **ENJOINED AND RESTRAINED** from pursuing the Antigua action against Prime Success that threatens to undermine the Arbitrations; and it is further

**ORDERED**, that the foregoing Temporary Restraining Order is extended to the date of the preliminary injunction hearing, per Rule 65(b)(2); and it is further

**ORDERED**, that because Sinovac agreed in Section 6.12 of the Securities Purchase Agreement that "the Parties shall be entitled to an injunction or injunctions to prevent breaches of this Agreement" and that "the Parties waive any requirement for the securing or posting of any bond in connection with the obtaining of . . . any injunctive relief," no securing or posting of any bond by Prime Success is required; and it is further

**ORDERED**, that there is good cause to permit notice of this Order and all supporting documents by alternative means, given the exigent circumstances and need for prompt relief, and

the following means of service is authorized by law, satisfies due process and Fed R. Civ. P. Rule 4(f)(3), and shall be deemed to notify Respondents of this Order: Petitioner shall provide a copy of this Order, together with supporting documents upon which it is based, by email to Respondents' counsel or Respondent(s) whose counsel or last known address is not known, listed below, by June ____, 2025, which delivery shall constitute good and proper service and notice thereof:

<u>Sinovac Biotech Ltd.:</u>

WILSON SONSINI GOODRICH & ROSATI

1301 Avenue of the Americas, 40th Floor
New York, New York 10019

Morris J. Fodeman (mfodeman@wsgr.com)
Sheryl Shapiro Bassin (sbassin@wsgr.com)
Alexander Luhring (aluhring@wsgr.com)

Suite 1509, Jardine House,
1 Connaught Place, Central
Hong Kong

Weiheng Chen (wchen@wsgr.com)
Draco Ng (dng@wsgr.com)
Athena Yu (ayu@wsgr.com)

650 Page Mill Road
Palo Alto, CA
94304-1050

Matthew R. Reed (mreed@wsgr.com)
Dale R. Bish (dbish@wsgr.com)
Charles A. Talpas (ctalpas@wsgr.com)

LATHAM & WATKINS LLP

330 N. Wabash Ave, Suite 2800
Chicago, IL 60611

Bradley C. Faris (Bradley.Faris@lw.com)
Christopher R. Drewry (Christopher.Drewry@lw.com)

<u>OrbiMed Advisors LLC/OrbiMed Capital LLC/OrbiMed Partners Master Fund Limited:</u>

ALLEN OVERY SHEARMAN STERLING US LLP

599 Lexington Avenue
New York, NY 10022

Matthew L. Craner (matthew.craner@aoshearman.com)
Daniel Kahn (daniel.kahn@aoshearman.com)

<u>1Globe Capital LLC:</u>

WILSON SONSINI GOODRICH & ROSATI

1301 Avenue of the Americas, 40th Floor
New York, New York  10019

Morris J. Fodeman (mfodeman@wsgr.com)
Sheryl Shapiro Bassin (sbassin@wsgr.com)
Alexander Luhring (aluhring@wsgr.com)

<u>Equiniti Trust Company LLC:</u>

48 Wall Street, 22nd Floor
New York, NY 10005

Attn: Legal Department (LegalTeamUS@equiniti.com)

<u>Depository Trust Company & Cede & Co.:</u>

Depository Trust Company
Cede & Co.
140 58th Street
Brooklyn, NY  11220

Cede & Co.
570 Washington Boulevard
Jersey City, NJ  07310

Aimee Taub Bandler (abrandt@dtcc.com)
Attn: dmaj@dtcc.com

and it is further

**ORDERED**, that Respondents are ordered to show cause why an injunction in aid of arbitration should not be entered pending the final resolution of the Arbitrations, on the following schedule:

4

1) Respondents' opposition and supporting papers, if any, shall be served by and filed on ECF on or before _____, 2025 at 5 pm EDT; and

2) Petitioner's reply in further support of its petition for an injunction in aid of arbitration, if any, shall be served by and filed on ECF on or before _____, 2025 at 5 pm EDT.

DATED:    New York, New York

           June _____, 2025

                                             _____

                                             SO ORDERED
                                             U.S.D.J.