# Exhibit 26

## Skadden, Arps, Slate, Meagher & Flom
### 世達國際律師事務所

42/F, Edinburgh Tower, The Landmark
15 Queen's Road Central, Hong Kong

---

Tel: (852) 3740-4700
Fax: (852) 3740-4727
www.skadden.com

Partners
Geoffrey Chan *
Shu Du *
Andrew L. Foster *
Chi T. Steve Kwok *
Haiping Li *
Rory McAlpine ♦
Jonathan B. Stone *
Paloma P. Wang ♦
Friven Yeoh ♦

♦ (Also Admitted in England & Wales)
* (Also Admitted in New York)

Affiliate Offices
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
---
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

May 14, 2025

Our Ref: 263300/2

**BY EMAIL**

Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto
California 94304-1050
Attn: Matthew R. Reed (MReed@wsgr.com)

Dear Mr. Reed:

**Re:    Prime Success's Shares in Sinovac Biotech Ltd. ("Sinovac")**

1. We write to follow up on our letter dated April 5, 2025.[1]

2. In your e-mail dated April 8, 2025, you stated that you would "*respond in the near future*". A month has passed and you have not provided a response.

3. During this period of time, a number of events have arisen that raise serious concerns over the management of a company that is sitting on more than US$10 billion in net cash or cash equivalents.

4. *First*, Sinovac's auditor Grant Thornton Zhitong Certified Public Accountants LLP ("**Grant Thorton**") resigned on April 15, 2025. As of the time of writing, Sinovac has not been able to secure a replacement auditor. Sinovac has also missed its April 30, 2025 deadline to file its annual return (Form 20-F) with the Securities and Exchange Commission.

---

[1] Unless otherwise defined or abbreviated, we adopt the definitions and abbreviations used therein.

Wilson Sonsini Goodrich & Rosati
May 14, 2025
Page 2

5. Sinovac is clearly in a disarray, and Sinovac's management has openly stated that: "*[t]his development is deeply concerning, as it reflects that the actions taken by the current Board have caused disruption to the Company's compliant operations and governance*".[2]

6. Indeed, the auditor crisis is particularly concerning given Sinovac's continued failure to confirm that any dividends owed to our client would be properly ringfenced and managed by an independent third party.

7. *Second,* the New Board issued a letter to shareholders on April 29, 2025 expressing its intention to pursue legal proceedings, which it says is "*expected to conclude with the cancellation of the PIPE shares*" belonging to Vivo/our client. This is a transparent attempt by the New Board to advance its own commercial agenda, as there is no legal basis for cancelling the PIPE shares.

8. In the same letter, the New Board stated that "*[b]ased on the [Privy Council] Judgment and Order, the new Board was reconstituted, adding new members to replace those who resigned, in accordance with Antiguan law*". Yet, this is far from the truth. As stated in the letter from our client to the shareholders dated April 25, 2025:

> "The composition of the current Board is materially different from the slate of New Directors specified in the Privy Council Judgment. The lack of explanation and reasons given for (i) Dr. Chiang Li's appointment, (ii) Mr. Hoi Fung Qui's absence from the board, and (iii) the subsequent resignation of Mr. Jianzeng Cao raises serious doubts about (among other things) the legality of Dr. Chiang Li and Mr. Sven H. Borho's appointments or the legitimacy of the current Board."

9. In addition, the New Board's ability to effectively represent the broader shareholder base has been put into question:

> "Dr. Chiang Li is the owner of 1Globe Capital LLC ("1Globe"). Mr. Pengfei Li is or was a member of senior management at 1Globe or its subsidiary. Meanwhile, Mr. Borho is a founder and Managing Partner of OrbiMed Advisors LLC ("OrbiMed"), and Dr. David Guowei Wang is a partner of OrbiMed. Following Mr. Borho's purported appointment to the Board, OrbiMed, with a 3.8% stake in Sinovac, secured two board seats, a representation significantly disproportionate to its shareholding. This imbalance undermines the Board's ability to effectively represent the broader shareholder base."[3]

---

[2] See statement by Sinovac's management dated April 22, 2025.
[3] See letter from our client to the shareholders dated April 25, 2025.

Wilson Sonsini Goodrich & Rosati
May 14, 2025
Page 3

10. More troublingly, it would appear that at least two existing directors (Dr. Chiang Li and Mr. Pengfei Li) have been sanctioned by various authorities across multiple jurisdictions, as described in our client's letter to shareholders. Sinovac nonetheless has failed to address the corporate governance crisis happening at the company.

11. Instead, on May 6, 2025, Sinovac (acting in concert with 1Globe and OrbiMed as fellow claimants) commenced proceedings before the Eastern Caribbean Supreme Court of Antigua and Barbuda ("**Antiguan Court**") seeking, among others, to set aside the PIPE shares and restate the register of shareholders to delete any entries in respect of the PIPE shares. This constitutes a breach of the arbitration agreement between our client and Sinovac.

12. Indeed, these proceedings cast further doubt on the independence of the New Board, in particular their fiduciary duties to, among others, act in good faith, exercise its powers properly and avoid a conflict of interest.

13. As you are aware, our client is now joined as claimant in the ongoing arbitration proceedings (HKIAC/A25086) against Sinovac seeking, among other remedies, that "*a declaration that the SPA remains in full force and effect and that Prime Success is entitled to all of the rights thereunder*".[4] This strikes at the very same question that Sinovac is now seeking determination from the Antiguan Court.

14. **In the circumstances, unless and until a final judgment or award is made in respect of the parties' dispute over the validity of the SPA, Prime Success demands an undertaking that Sinovac and the New Board shall not take any action (or cause any action to be taken) that may prejudice our client's rights as shareholders. Further, to ensure no prejudice pending final resolution of the matter, Prime Success repeats its demand that Sinovac and the New Board deposit any disputed dividends with an independent escrow agent that cannot be accessed without the joint instructions of Sinovac, Vivo and Prime Success, or in the absence of an order from a tribunal or court of competent jurisdiction.**

---

[4] See paragraph 50 of the Request for Joinder dated April 9, 2025.

Wilson Sonsini Goodrich & Rosati
May 14, 2025
Page 4

15. **Failing such undertaking or confirmation by May 21, 2025, our client reserves the right to take all necessary action without further notice, including bringing the court/tribunal's attention to the matters raised in this and our prior letters.**

16. All of our client's rights are reserved.

Yours faithfully,

*[signature: Skadden, Arps, Slate, Meagher & Flom]*

**Skadden, Arps, Slate, Meagher & Flom**

cc.   Sinovac Biotech Ltd.
      No. 39 Shangdi Xi Road
      Haidian District
      Beijing 100085, China
      Email: yangg@sinovac.com

      Client