# Exhibit 4

**Case Number :ANUHCV2025/0200**

THE EASTERN CARIBBEAN SUPREME COURT

ANTIGUA AND BARBUDA

IN THE HIGH COURT OF JUSTICE

Claim No ANUHCV 2025/0200

IN THE MATTER OF SINOVAC BIOTECH LTD.

AND IN THE MATTER OF THE INTERNATIONAL BUSINESS CORPORATIONS ACT 1982

FILED
HIGH COURT
ANTIGUA AND BARBUDA

Submitted Date:12/06/2025 15:35

Filed Date:12/06/2025 15:41

Fees Paid:42.00

BETWEEN

|  |  |
|---|---|
| (1) SINOVAC BIOTECH LTD.<br>(2) ORBIMED PARTNERS MASTER FUND LIMITED<br>(3) 1GLOBE CAPITAL, LLC<br>and | **Claimants** |
| (1) VIVO CAPITAL LLC<br>(2) VIVO CAPITAL FUND VIII, L.P.<br>(3) VIVO CAPITAL SURPLUS FUND VIII, L.P.<br>(4) VIVO CAPITAL FUND IX, L.P.<br>(5) PRIME SUCCESS, L.P.<br>(6) CEDE & CO | **Defendants** |

### NOTICE OF APPLICATION

The Applicant, **Prime Success, L.P.** (the **Applicant**), c/o Richard & Company, Victoria Chambers, the Colony House, 41 Nevis Street, St John's, Antigua applies to the Court for an order that –

1   The claims in the within proceedings brought by the First Claimant (the **Company**) as set out at paragraphs (1) to (5) (together with the ancillary relief sought at (8) and (9)) in the prayer to the Statement of Claim be stayed pursuant to Section 5(2) of the Arbitration Act 1975 or, alternatively, pursuant to Section 5(1) of the Arbitration Act 1975 or the inherent jurisdiction of the Court in favour of arbitration.

2   The claims brought by the Company as set out in paragraphs (6) and (7) of the prayer to the Statement of Claim together with the claims of the Second and Third Claimants be stayed pursuant to the Court's case management powers and/or the Court's inherent jurisdiction pending determination of the (1) the ongoing HK Arbitration (as defined below) between the Company and the Applicant herein and (2) the anticipated PRC Arbitrations (as defined below).

1

In the alternative an order that:

3      Service outside of the jurisdiction of the within proceedings be set aside pursuant to Rule 7.8 of the ECCPR on the basis that:

      (i)    the Claimants do not have a good cause of action;

      (ii)   the within proceedings are not listed in Rule 7.3; and

      (iii)  the Court is not the appropriate forum for the trial.

The grounds of the application which appear below are more fully set out in and this is application is supported by the First Affirmation of Ms Yan Yang herein dated 12 June 2025 (**Yang 1**) and Exhibit YY-1 thereto. A draft of the order sought is filed with this notice of application.

In summary the grounds of the application are as follows.

**The stay application.**

1      The First Claimant is an Antiguan registered International Business Corporation. The business of the Company is principally carried on in the People's Republic of China (the **PRC**) and its shares, although trading is currently suspended, are listed on the NASDAQ stock exchange.

2      The Applicant is a Limited Partnership registered in the Cayman Islands.

3      By a Securities Purchase Agreement (the **SPA**) dated 2 July 2018 between, *inter alia*, the Company and the Applicant, the Applicant agreed to pay the Company US$43,365,000 in exchange for 5,900,000 of common shares to be issued by the Company (the **PIPE Shares**) with a par value $0.001.

4      Save for 1 share which is registered in the name of the Applicant, 5,851,422 PIPE Shares are held by the Sixth Defendant in trust for the Applicant. The Applicant is itself the registered owner of 1 share.

5      The governing law of the SPA is the law of Hong Kong.

6      Clause 6.10 of the SPA contains an arbitration clause (the **HK Arbitration Clause**) which requires that "[a]ny dispute, claim, controversy or difference arising out of or in connection with [the SPA] or the transactions contemplated hereby, including any question regarding its existence, validity, interpretation, performance or termination or any dispute regarding any noncontractual obligation arising out of or in connection with it (a **Dispute**), shall be determined by arbitration administered by the Hong Kong International Arbitration Centre" (**HKIAC**) in Hong

Kong pursuant to the Hong Kong International Arbitration Centre Administered Arbitration Rules (the **HKIAC Rules**). The wording of the HK Arbitration Clause is fully set out in and the SPA is exhibited to Yang 1.

7   The claims pursued by the Company in these proceedings "aris[e] out of" and "in connection with" the "existence" and "validity" of the SPA and the corresponding "transaction[] contemplated" thereby, in which the PIPE Shares were issued to the Applicant ((1) to (4) and the ancillary relief pleaded at (8) and (9)), and all clearly fall within the HK Arbitration Clause.

8   By a Notice of Arbitration dated 17 March 2025, the First Defendant, Vivo Capital, LLC (**Vivo**) (a co-investor and a party to the SPA) and other associated entities of Vivo commenced an arbitration (the **HK Arbitration**) in Hong Kong pursuant to the HKIAC Rules and in accordance with the HK Arbitration Clause which seeks, *inter alia*, declaratory relief that the SPA is and remains in full force and effect; that the SPA cannot be terminated under Clause 6.13 and a declaration that the Company is precluded from seeking to (re)litigate the matter of whether the actions of the Incumbent Directors were null and void. The Applicant subsequently applied to be joined as an additional Claimant in the HK Arbitration with the HKIAC having granted this application on 7 May 2025.

9   Further, by a Convertible Loan Agreement (the **CLA**) dated 18 May 2020 and made between Sinovac Research & Development Co., Ltd (**SRD**) (a company registered in the PRC and an indirect subsidiary of the Company) and the Applicant, the Applicant lent the sum of US$7,500,000 to SRD. Under the terms of the CLA the loans were converted into equity in SRD. Subsequently, SRD changed its name to Sinovac Life Sciences Co., Ltd. (**SLS**). As part of this transaction (and on the same day of 18 May 2020), the Company entered into a Guarantee Agreement (the **GA**) with the Applicant under the terms of which the Company guaranteed the punctual performance of SLS's obligations to the Applicant under the CLA.

10   The governing law of the CLA and the GA is that of the PRC.

11   Clause 11.2 of the CLA and Clause 9.2 of the GA each contain an arbitration clause (the **PRC Arbitration Clause**) which provides that, unless settled by the parties within a 30-day period, "[a]ll disputes arising out of or in connection with" the CLA and/or the GA "shall be settled at the China International Economic and Trade Arbitration Commission" (**CIETAC**) under CIETAC Arbitration Rules. The wording of the PRC Arbitration Clause is set out in Yang 1 and both the CLA and the GA are exhibited thereto.

12   On 9 June 2025, the Applicant served notices pursuant to the PRC Arbitration Clause within the CLA and the GA thereby commencing the 30-day period referred to therein and, should the Applicant be unable to reach an agreement with the Company and/or SLS within this time period, it intends to commence arbitration in accordance with the PRC Arbitration Clause (the **PRC Arbitration(s)**).

13  The claim set out at (5) of the prayer in the Statement of Claim concerning the validity of the GA is clearly a matter which falls within the GA Arbitration Clause.

14  Notwithstanding that the Company is not a party to the CLA it purports nonetheless to pursue the claims set out at paragraphs (6) and (7) of the prayer to the Statement of Claim when it has no standing to do so. These claims form the subject matter of the dispute against SLS and are matters which clearly fall within the PRC Arbitration Clause which the Applicant anticipates referring to CIETAC or which concerns facts and matters which will have to be determined by the tribunal in the PRC Arbitration(s) against SLS. The inclusion of these claims amounts to a collateral attack on the PRC Arbitration Clause of the CLA and further runs the risk of inconsistent findings. Accordingly, these claims ought to be stayed pursuant to the Court's case management powers and/or the inherent jurisdiction of the Court.

15  The Second and Third Claimants have been joined unnecessarily as Claimants and seek the same relief as the Company. They are not parties to the SPA, CLA or GA and their joinder as Claimants appears to be an attempt to avoid or defeat the arbitration clauses. Accordingly, their joinder amounts to a collateral attack upon the HK and PRC Arbitration Clauses.

16  The claims brought by the Second and Third Claimants with regard to the validity of the SPA and the allotment of the PIPE Shares to the Applicant ((1) to (4) and the ancillary relief pleaded at (8) and (9)) are the same claims which are the subject of the HK Arbitration – they cannot be resolved independently of the HK Arbitration. Similarly, the claims with regard to the GA and CLA at (5), (6) and (7) of the prayer to the Statement of Claim are all matters which fall within the intended PRC Arbitration(s). Accordingly, the Applicant seeks an order under the Court's case management powers and/or the inherent jurisdiction of the Court, that the identical claims brought by the Second and Third Claimants are stayed pending the determination of the arbitrations. If the Second and Third Claimants' claims are not stayed there is a risk of inconsistent findings and an inevitable risk of increased and unnecessary costs.

17  Accordingly, and on the basis and for the reasons set out above, the Applicant seeks an order that the action be stayed in its entirety pending the determination of the HK Arbitration and the PRC Arbitration(s).

**Setting aside of service out grounds.**

18  The relief sought in this regard is strictly without prejudice and only as an alternative to the application for a stay. The Applicant will rely on these grounds only should the application for a stay be refused. In advancing these grounds the Applicant does not addresses the substance of the claims in the Statement of Claim.

### 7.8 2(a) the Claimant does not have a good cause of action.

19  The claim is imperfectly constituted. SLS (and not the Company) and the Applicant are the contracting parties to the CLA. Accordingly, the claims which concern the CLA (set out at (6) and (7)) in the prayer of the Statement of Claim) cannot be brought by the Company and are improperly constituted.

20  Further, given the abovementioned claims are improperly constituted, it follows that the claim (at (7) of the prayer) alleging that the "*Former Incumbent Directors*" acted in breach of their fiduciary duties to the Company by "*procuring and/or allowing SLS to enter into the Convertible Loan Agreement and to pay the SLS Dividends*", is also improperly constituted.

### 7.8 2(b) the proceedings are not listed in Rule 7.3.

21  The claims concerning SLS do not relate to an Antiguan company and, therefore, are not claims listed in Rule 7.3.

### 7.8 2(c) the Court is not the appropriate forum for the trial.

22  The transaction documents which form the basis of the claim are governed by the laws of (1) Hong Kong (the SPA) and (2) the PRC (the CLA and GA).

23  The Company does not carry on any business in Antigua but rather its business is principally conducted in the PRC and all general and board meetings have historically been held in the PRC.

24  The Company's shares are listed on the NASDAQ and its share register is held and maintained in the United States.

25  The Applicant is a Cayman limited partnership which does not carry on any business in Antigua and the other Defendants are all based in the United States. Similarly, the First Defendant, Vivo, is an investment firm organised under the laws of California and its related entities, the Second, Third and Fourth Defendants, are each limited partnerships registered in Delaware. The Sixth Defendant, Cede & Co, is a New York based partnership.

26  The witnesses who will be necessary to determine the action at trial are either based in Canada, the PRC or the United States. None of the witnesses are resident in Antigua.

27  The HK Arbitration has been commenced and the PRC Arbitration(s) is/are about to be commenced with the Applicant.

28  The only connection that the matter has with Antigua is that the Company is registered there.

29   Accordingly, and on the basis as set out above the Applicant seeks, in the alternative, an order that service on the Applicant outside the jurisdiction be set aside.

Dated: 12 June 2025

*[signature]*

Cheryl-lee A. Bolton
Richards & Company
Attorney-at-Law for the Fifth Defendant

**NOTICE:**

This application will be heard by the Judge/Master in Chambers on      the      day of,      at      am/pm   at the High Court, Parliament Drive, St John's, Antigua.

If you do not attend this hearing an order may be made in your absence.

The Fifth Defendant's address for service is c/o Richard & Company, Victoria Chambers, the Colony House, 41 Nevis Street, St John's, Antigua. offices@antigualaw.com.

The Court office is at Parliament Drive, St John's, Antigua.  Telephone number: 462-0406/09.  The Court office is open Mondays to Thursdays between 8.30am and 4.30 pm and on Fridays 8.30am to 3.00pm except on public holidays and Court holidays.

**THE EASTERN CARIBBEAN SUPREME COURT**

**ANTIGUA AND BARBUDA**

**IN THE HIGH COURT OF JUSTICE**

Claim No ANUHCV 2025/0200

**IN THE MATTER OF SINOVAC BIOTECH LTD.**

**AND IN THE MATTER OF THE INTERNATIONAL BUSINESS CORPORATIONS ACT 1982**

**BETWEEN**

**(1) SINOVAC BIOTECH LTD.**

**(2) ORBIMED PARTNERS MASTER FUND LIMITED**

**(3) 1GLOBE CAPITAL, LLC**

**Claimants**

and

**(1) VIVO CAPITAL LLC**

**(2) VIVO CAPITAL FUND VIII, L.P.**

**(3) VIVO CAPITAL SURPLUS FUND VIII, L.P.**

**(4) VIVO CAPITAL FUND IX, L.P.**

**(5) PRIME SUCCESS, L.P.**

**(6) CEDE & CO**

**Defendants**

**NOTICE OF APPLICATION**

**Attorneys-at-Law for the Fifth Defendant**

Richards & Company<br>
Victoria Chambers: The Colony House<br>
41 Nevis Street<br>
P.O. Box 3575<br>
St John's, Antigua<br>
<br>
Tel: 268-562 1705<br>
Email: offices@antigualaw.com

7