# Exhibit 5

EFiled: Jul 31 2018 12:48PM EDT
Transaction ID 62290689
Case No. 2018-0143-JTL

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| SINOVAC BIOTECH LTD., | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 2018-0143-JTL ) |
| 1GLOBE CAPITAL, LLC, *et al.*, | ) ) |
| Defendants. | ) |

**ORDER DENYING REQUEST FOR TRIAL DATE IN SEPTEMBER 2018**

1. The plaintiff, Sinovac Biotech Ltd. ("Sinovac"), is an entity organized under the laws of Antigua and Barbuda. In this action, Sinovac contends that two of its investors, who happen to be Delaware entities, tripped its rights plan by conspiring with seven Chinese nationals. The investors went on to win a proxy contest against Sinovac's incumbent board of directors. Sinovac hopes to show that the investors were diluted by operation of the rights plan before they could exercise the voting power necessary to prevail in the election.

2. Under the internal affairs doctrine, this matter raises important questions of Antiguan law. The incumbent Sinovac board of directors muddied the waters, however, by adopting a rights plan which recites that it is governed by Delaware law. That is a head scratcher.

3. In my view, the internal affairs doctrine raises serious questions about whether the board of directors of an Antiguan corporation can adopt a rights plan and select Delaware law to govern its terms. *Cf. VantagePoint Venture P'rs 1996 v. Examen, Inc.*, 871 A.2d 1108, 1112-13 (Del. 2005) (holding that internal

affairs doctrine required application of Delaware law notwithstanding California statute that purported to apply). Although the question is not presented by this case, I am skeptical that a Delaware corporation could adopt a rights plan—which is fundamentally a corporate control device involving a strawman counterparty—and opt for the plan to be governed by the law of another jurisdiction. *Cf. Paramount Commc'ns Inc. v. Time Inc.*, 1989 WL 79880, at *30 n.22 (Del. Ch.) (noting that a rights plan "by definition is a control mechanism and not a device with independent business purposes"), *aff'd*, 571 A.2d 1140 (Del. 1989). Whether an Antiguan corporation could adopt the type of rights plan deployed here therefore presents, in my view, a series of fundamental legal questions which, as a threshold matter, the internal affairs doctrine suggests would be governed by Antiguan law.

4.      On March 14, 2018, I granted Sinovac's motion to expedite. I noted that the motion would easily meet the standard for expedition if Sinovac were a Delaware entity, but I expressed substantial concerns about hearing this matter because of the choice of law issues. I asked the parties to consider presenting the choice of law issues upfront so that they could be addressed quickly. Dkt. 27 at 18-19. That did not happen.

5.      Although Sinovac had the ability to move forward with expedited discovery, that did not happen either. After the motion for expedition was granted, Sinovac served limited written discovery. Then, on June 26, 2018, Sinovac filed a

motion for partial summary judgment, in which it represented that discovery was no longer necessary.

6. Meanwhile, there is an action proceeding in the High Court of Justice, Antigua and Barbuda (the "Antigua Court") captioned *1Globe Capital, LLC and Sinovac Biotech Ltd.*, Claim No. ANUHCV 2018/0120 (the "Antigua Action"). The Antigua Court has scheduled an expedited trial to begin on October 1, 2018.

7. With the Antigua Court moving forward, Sinovac now asks this court to hold an expedited trial in September 2018 so that "the Antigua Court . . . [can] have the benefit of this Court's ruling on whether a triggering event occurred before conducting the Antigua trial." Opening Br. at 4.

8. To my mind, that is backwards. The Antigua Court is far better situated to resolve this matter than this court. *Cf. Martinez v. E.I. DuPont de Nemours & Co., Inc.*, 86 A.3d 1102, 1106-07 (Del. 2014) (explaining that important questions of law should be decided by the courts of the sovereign whose law is at issue); *accord Corvel Corp. v. Homeland Ins. Co. of N.Y.*, 112 A.3d 863, 868 (Del. 2015); *First Health Settlement Class v. Chartis Specialty Ins. Co.*, 111 A.3d 993, 998 (Del. 2015). At best, this court can opine on how Delaware law would govern if the choice-of-law clause in the rights plan selecting Delaware law actually holds up in the face of the internal affairs doctrine. That ruling may not be of much help to the Antigua Court. It will be more beneficial for this court to have the benefit of the Antigua Court's views on the law of Antigua and Barbuda.

9. Having first claimed to need expedited discovery, then claimed not to need it, it is now too late for Sinovac to reverse position again and seek a trial in September 2018. Had the parties proceeded as the court contemplated in its ruling in March 2018, this case could have been tried during the summer or, if necessary, in September. From the court's standpoint, that is no longer feasible, and it would impose too great a burden on the defendants.

10. A trial court has inherent authority to control its docket. *See Taylor v. LSI Logic Corp.*, 715 A.2d 837, 842 (Del. 1998), *overruled on other grounds by Martinez*, 86 A.3d 1102; *Gen. Foods Corp. v. Cryo-Maid, Inc.*, 198 A.2d 681, 682-83 (Del. 1964), *overruled on other grounds by Pepsico, Inc. v. Pepsi-Cola Bottling Co. of Asbury Park*, 261 A.2d 520 (Del. 1969). The better course at this point is to await the post-trial decision from the Antigua Court. The parties shall provide a copy of that decision once it has issued. At that point, the parties shall confer on what further proceedings are warranted. If the parties cannot agree, they will submit a joint letter explaining their positions and request a teleconference.

Vice Chancellor J. Travis Laster
Dated: July 31, 2018