**HENG REN SILK ROAD INVESTMENTS LLC**
One Boston Place, Suite 2600
Boston, MA 02108
phalesworth@hengreninvestment.com
www.hengreninvestment.com

The Court is in receipt of the enclosed application. No later than October 20, 2026, Respondents Sinovac Biotech Ltd. and 1Globe Capital LLC shall file a letter on the public docket attaching the referenced document or show cause why such production should not be required.

SO ORDERED.

Hon. Ronnie Abrams
October 6, 2026

September 29, 2026

**The Honorable Ronnie Abrams**
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1506
New York, NY 10007

**Re:** Request to Docket Escrow Services Agreement Produced at Oral Argument — *Prime Success, L.P. v. Sinovac Biotech Ltd. et al.*, Case No. 1:25-cv-04989-RA (S.D.N.Y.)

Dear Honorable Judge Abrams,

We write to Your Honor on behalf of Heng Ren Silk Road Investments LLC ("Heng Ren"), and Alternative Liquidity Capital LP ("ALC"), shareholders of Sinovac Biotech Ltd. (Nasdaq: SVA), regarding a document produced at oral argument in the above-captioned proceeding on June 18, 2025. I was directed to write to Your Honor directly by the Clerk's Office, which advised me that a request of this nature may fall within the Court's authority rather than the Clerk's to act upon. I have also submitted a parallel written request to the Clerk's Office, and I sincerely apologize to Your Honor if writing directly to the Court in this manner is procedurally inappropriate. I am not an attorney and am doing my best to follow the guidance I received.

The document at issue is the Escrow Services Agreement produced by counsel for Respondents Sinovac Biotech Ltd. and 1Globe Capital LLC — Morris J. Fodeman of Wilson Sonsini Goodrich & Rosati PC — during the June 18, 2025 oral argument before Your Honor. Mr. Fodeman handed up a copy of the executed agreement and an accompanying letter to the Court, and distributed copies to all counsel. The Court accepted the documents. Prime Success's counsel, Dylan Proctor of Quinn Emanuel Urquhart & Sullivan LLP, subsequently described the agreement's contents on the record during rebuttal, specifically noting that he had just received it and that it vested sole disbursement authority over the escrowed funds in a single individual — identified as Chiang Li, the head of 1Globe Capital LLC. These exchanges are recorded in the official transcript at Document 33, Page 26 of 62, lines 9–24, and Page 46 of 62, lines 9–17, filed July 2, 2025. Please see the transcript attached.

We have confirmed with the Clerk's Office that the Escrow Services Agreement was not formally docketed following the hearing. The Clerk's Office has further confirmed that the document is not under seal and is not subject to any protective order or restriction. No party requested confidential treatment or sealing of the document at any point during the hearing, and no such order was issued.

The Escrow Services Agreement governs the administration of approximately $650 million in Sinovac dividend funds held by Equiniti Trust Company, LLC pending resolution of the PIPE share

validity dispute in Antigua and Hong Kong. These funds represent a deferred dividend payment to the shareholders of Sinovac Antigua, as disclosed in Sinovac's annual report on Form 20-F filed with the U.S. Securities and Exchange Commission for the fiscal year ended December 31, 2025. Heng Ren and ALC are shareholders of Sinovac Biotech Ltd. We have a direct and material financial interest in the proper administration and ultimate distribution of these funds. The identity of the party holding sole disbursement authority over $650 million in shareholder funds, and the terms under which those funds may be released, are matters of significant concern to us and, we believe, to Sinovac's shareholders generally.

We respectfully submit that the Escrow Services Agreement is subject to the public right of access to judicial records recognized by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The agreement was produced in open court, accepted by the Court, distributed to all counsel, and its terms were described on the record in connection with Your Honor's analysis of irreparable harm on a contested motion for injunctive relief. It played a material role in the proceedings. No confidentiality was asserted. We respectfully request that Your Honor direct that the agreement be entered on the public docket as a court exhibit in connection with the June 18, 2025 oral argument, so that it is accessible to the public through PACER.

We are enclosing with this letter a copy of the official oral argument transcript (Document 33 in the docket), a document setting out the two relevant transcript passages verbatim with their precise locations identified, and a copy of the parallel request I submitted to the Clerk's Office, so that Your Honor has full context for this request.

I am grateful for Your Honor's time and consideration. Again, I sincerely apologize if writing directly to the Court is not the appropriate procedure here. I mean no disrespect to the Court or to its processes, and I am happy to pursue whatever channel Your Honor or the Clerk's Office determines is correct. If it would be helpful to have an attorney present this request formally, I will arrange for that promptly.

Respectfully submitted,

**Peter Halesworth**
Founder, Managing Partner & Chief Investment Officer
Heng Ren Silk Road Investments LLC
One Boston Place, Suite 2600
Boston, MA 02108
phalesworth@hengreninvestment.com

**Jacob Mohs**
Managing Member of the General Partner
Alternative Liquidity Capital LP
1250 Wayzata Blvd. E, Ste. 1 #5044
Wayzata, MN 55391
**By email: jacobmohs@alternativeliquidity.net**

**Enclosures:**

1. Oral argument transcript — Document 33, Case 1:25-cv-04989-RA, filed July 2, 2025
2. Transcript excerpts identifying the two passages where the Escrow Services Agreement was produced and described on the record
3. Parallel letter to Tammi M. Hellwig, Clerk of Court, dated September 29, 2026

**HENG REN SILK ROAD INVESTMENTS LLC**
One Boston Place, Suite 2600
Boston, MA 02108
phalesworth@hengreninvestment.com
www.hengreninvestment.com

---

September 29, 2026

**Tammi M. Hellwig**
Clerk of Court
Daniel Patrick Moynihan United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** Request to Docket Escrow Services Agreement Produced at Oral Argument — *Prime Success, L.P. v. Sinovac Biotech Ltd. et al.*, Case No. 1:25-cv-04989-RA (S.D.N.Y.)

Dear Ms. Hellwig,

We write on behalf of Heng Ren Silk Road Investments LLC ("Heng Ren") and Alternative Liquidity Capital LP ("ALC"), shareholders of Sinovac Biotech Ltd. (Nasdaq: SVA), to respectfully request that the Clerk's Office docket an Escrow Services Agreement that was produced and handed up to the Court during oral argument in the above-captioned proceeding before the Honorable Ronnie Abrams on June 18, 2025, but was never formally entered on the public docket. This matter has been raised previously with Chief Deputy Clerk Daniel Ortiz and Chief Deputy Clerk Rebecca Price.

During that hearing, counsel for Respondents Sinovac Biotech Ltd. and 1Globe Capital LLC — Morris J. Fodeman of Wilson Sonsini Goodrich & Rosati PC — represented to the Court that the dividend funds at issue had been wired to Equiniti Trust Company, LLC as escrow agent pursuant to a formal Escrow Services Agreement. Mr. Fodeman offered to hand up a copy of the executed agreement and an accompanying letter, which the Court accepted, and distributed copies to all counsel. Prime Success's counsel, Dylan Proctor of Quinn Emanuel Urquhart & Sullivan LLP, subsequently described the agreement's contents on the record during rebuttal, specifically identifying that it vested sole disbursement authority over the escrowed funds in a single individual. These exchanges are recorded in the official transcript at Document 33, Page 26 of 62, lines 9–24, and Page 46 of 62, lines 9–17, filed July 2, 2025. Please see attached the transcript to read these specific references.

We have confirmed with the Clerk's Office that the Escrow Services Agreement was not formally docketed following the June 18, 2025 oral argument. We have further confirmed that the document is not under seal and is not subject to any protective order or restriction. No party requested confidential treatment or sealing of the document at any point during the hearing, and the Court issued no such order.

The Escrow Services Agreement governs the administration of approximately $650 million in Sinovac dividend funds held by Equiniti Trust Company, LLC pending resolution of litigation concerning the validity of certain PIPE shares. These funds represent a deferred dividend

payment to shareholders of Sinovac Antigua, as disclosed in Sinovac's annual report on Form 20-F filed with the U.S. Securities and Exchange Commission for the fiscal year ended December 31, 2025. Both Heng Ren and ALC are shareholders of Sinovac Biotech Ltd. with a direct and material financial interest in the proper administration and ultimate distribution of these funds.

The basis for this request is the well-established public right of access to judicial records under the common law and the First Amendment, as recognized by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under Lugosch, the presumption of public access attaches not only to formally filed documents but to documents that are presented to and considered by the Court in connection with the exercise of judicial power. The Escrow Services Agreement was produced in open court, accepted by Judge Abrams, distributed to all counsel, and its terms were described on the record in connection with the Court's analysis of irreparable harm on a contested motion for injunctive relief. It played a material role in the judicial proceedings and it should be part of the public court record.

We respectfully request that by October 16, 2026 the Clerk's Office docket the Escrow Services Agreement as a court exhibit in connection with the June 18, 2025 oral argument, so that it is accessible to the public through PACER in the ordinary course.

We received guidance from the Clerk's Office that your office and also the Honorable Ronnie Abrams' office should be sent a request in writing for this document to be docketed. If this matter falls within the Court's rather than the Clerk's authority to act upon, we would be grateful if the Clerk's Office would be willing to transfer this letter directly to Judge Abrams on our behalf, so that it may be considered by the appropriate recipient without further delay. We want to ensure that this request reaches the correct office and are happy to follow whatever procedure the Clerk's Office and the Court recommends.

We appreciate the Clerk's Office's time and assistance with this matter. If any additional information is required, please do not hesitate to contact us directly at phalesworth@hengreninvestment.com and jacobmohs@alternativeliquidity.net with your response.

Respectfully submitted,

**Peter Halesworth**
Founder, Managing Partner & Chief Investment Officer
Heng Ren Silk Road Investments LLC
One Boston Place, Suite 2600
Boston, MA 02108
By email: phalesworth@hengreninvestment.com

**Jacob Mohs**
Managing Member of the General Partner
Alternative Liquidity Capital LP
1250 Wayzata Blvd. E, Ste. 1 #5044
Wayzata, MN 55391
**By email: jacobmohs@alternativeliquidity.net**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
PRIME SUCCESS, L.P.,

Petitioner,

v. 25 Civ. 4989 (RA)

Sinovac Biotech Ltd., 1Globe Capital LLC, OrbiMed Advisors LLC, OrbiMed Capital LLC, OrbiMed Partners Master Fund Ltd.,

Respondents,

-and-

EQUINITI TRUST COMPANY LLC, CEDE & CO., AND THE DEPOSITORY TRUST COMPANY,

Relief Respondents.
------------------------------x

New York, N.Y.
June 18, 2025
1:00 p.m.

Before:

HON. RONNIE ABRAMS,

District Judge

APPEARANCES

QUINN EMANUEL URQUHART & SULLIVAN LLP
Attorneys for Petitioner
BY: B. DYLAN PROCTOR
KATIE M. ANDERSON
RACHEL E. EPSTEIN
MORGAN ANASTASIO
GREGG BADICHEK

WILSON SONSINI GOODRICH & ROSATI PC
Attorneys for Respondents
BY: MORRIS J. FODEMAN
ALEXANDER LUHRING

ALLEN OVERY SHEARMAN STERLING US LLP
Attorneys for Respondent OrbiMed Capital LLC
BY: MATTHEW L. CRANER
DANIEL KAHN

CHIESA SHAHINIAN & GIANTOMASI PC
Attorneys for Respondent Equiniti Trust Company LLC
BY: PATRICIA B. BERGAMASCO

## TRANSCRIPT EXCERPTS — ESCROW AGREEMENT REFERENCES

*Prime Success, L.P. v. Sinovac Biotech Ltd. et al.*
Case No. 1:25-cv-04989-RA (S.D.N.Y.)
Document 33, Filed July 2, 2025
Oral Argument before Hon. Ronnie Abrams, U.S.D.J. — June 18, 2025

---

*The following two passages from the official transcript identify the moments at which the Escrow Services Agreement was (1) produced and handed up to the Court, and (2) described on the record by opposing counsel. Both passages are reproduced verbatim from the transcript.*

---

### PASSAGE 1 — Escrow Agreement Handed Up to the Court

**Location:** Document 33, Page 26 of 62, Lines 9–24

**Speaker:** Morris J. Fodeman, Wilson Sonsini Goodrich & Rosati PC, counsel for Respondents Sinovac Biotech Ltd. and 1Globe Capital LLC

**Context:** The Court asked counsel to begin with the status of the dividend funds and the escrow arrangement.

> MR. FODEMAN: I was about to. I thought that would be a great place to start, your Honor. Thank you for hearing us because I think there's some confusion, and I can't say I blame anyone for this, but let me set the record straight.
> The funds have been wired to the escrow agent. The escrow agent, pursuant to an agreement, is setting up three separate funds, three separate accounts as we speak. There is 600-plus million dollars in it, earmarked specifically for the petitioners here. And this can be confirmed, of course, because relief defendant is the escrow agent, and they're here, but I can hand up, if your Honor would like, a letter as well as the actual executed escrow agreement that shows as much.
> And I have copies for counsel, if I may.
> THE COURT: Sure. Thank you.
> MR. FODEMAN: Thank you.

*Significance: This passage confirms that (1) the executed Escrow Services Agreement was physically handed up to Judge Abrams in open court; (2) copies were distributed to all counsel; (3) the Court accepted the document; and (4) no party requested sealing or confidential treatment at any point. The document was produced without restriction in a public federal proceeding.*

---

### PASSAGE 2 — Contents of Escrow Agreement Described on the Record

**Location:** Document 33, Page 46 of 62, Lines 9–17

**Speaker:** B. Dylan Proctor, Quinn Emanuel Urquhart & Sullivan LLP, counsel for Petitioner Prime Success, L.P.

**Context:** After receiving the escrow agreement during the hearing, Proctor reviewed it and described its key terms on the record during his rebuttal argument, specifically identifying the disbursement authority provision.

MR. PROCTOR: As for the dividends, the escrow agreement, I just got it. It appears to say that Mr. Cheng Lee has control over disbursements from the escrow agreement. He is the head of 1Globe. His nephew is in a Chinese jail cell for trying to seize Sinovac assets. It is not an acceptable escrow agreement for Mr. Cheng Lee to have control over disbursement of our hundreds of millions of dollars.

And your Honor asked the question about what is this going to be escrowed, for how long, pending what? And the answer, I think you heard the answer, well, pending the results in Antigua. Antigua is not the right forum.

*Significance: This passage confirms that (1) Proctor received the escrow agreement for the first time during the oral argument itself — "I just got it" — and reviewed it on the spot; (2) the agreement vested sole disbursement authority over approximately $650 million in escrowed funds in a single individual, identified as Chiang Li (referred to as "Mr. Cheng Lee"), the head of 1Globe Capital LLC; and (3) the terms of the agreement were placed on the record in open court without any restriction. This disbursement authority provision — vesting sole control in one party rather than requiring multi-party approval — is directly relevant to the adequacy of the escrow arrangement and to the irreparable harm analysis before the Court.*

---

**Summary Note on Public Access**

The Clerk's Office of the Southern District of New York has confirmed that the referenced Escrow Services Agreement was not formally docketed following the June 18, 2025 oral argument. The Clerk's Office has further confirmed that the document is not under seal and is not subject to any protective order or restriction. No party requested confidential treatment of the document during the hearing and the Court issued no sealing order. The document was produced in open court, accepted by the Court, distributed to all counsel, and its terms were described on the public record. It is accordingly the position of Heng Ren Silk Road Investments LLC that the agreement is subject to the public right of access recognized by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and should be made part of the public docket.