UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Prime Success, L.P.,

Petitioner,

v.

Sinovac Biotech Ltd., 1Globe Capital LLC, OrbiMed Advisors LLC, OrbiMed Capital LLC, OrbiMed Partners Master Fund Ltd.,

Respondents,

and

Equiniti Trust Company LLC, Cede & Co., and the Depository Trust Company,

Relief Respondents.

25-CV-4989 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

Respondent Sinovac Biotech Ltd. ("Sinovac") seeks leave to file the Escrow Services Agreement dated as of June 6, 2025 between Sinovac and Equiniti Trust Company, LLC (the "Escrow Agent") with redactions to Schedule A of the Escrow Services Agreement. *See* Dkt. 44. Non-parties Heng Ren Silk Road Investments LLC ("Heng Sen") and Alternative Liquidity Capital LP ("ALC") oppose certain of Sinovac's proposed redactions—specifically, Sinovac's investment instructions (which identify the specific funds in which the escrowed funds are invested while awaiting disbursement), the names of two employees for the Escrow Agent designated to receive and confirm instructions, the Escrow Agent's fees, and the last seven digits of each escrow balance. *See* Dkt. 47. Heng Sen and ALC do not oppose redactions of telephone numbers, email addresses, the ABA routing number, or the escrow account number except the last four digits, which, as Sinovac correctly notes, are permitted pursuant to *Lugosch*. *See Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); Dkt. 44 at 3–4 (collecting cases).

The Court does not permit redaction of the names of Equiniti's employees. Although "[n]on-parties to an action may have significant privacy interests that favor redaction of identifying information," *In re Google Digital Advertising Antitrust Litigat.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021) (internal quotation omitted), Equiniti apparently "takes no position on" Sinovac's request to redact the names, Dkt. 44 at 1 n.1, and Sinovac identifies no harm that would come to these individuals by redacting only their contact information, as Sinovac proposes for other individuals named in the Escrow Services Agreement.

The Court permits the remainder of Sinovac's proposed redactions. "Courts in this circuit frequently grant motions to seal commercially sensitive and confidential business information, recognizing the importance of the maintenance of confidentiality of such information." *Huawei Techs. Co. v. PanOptis Patent Mgmt., LLC*, 2026 WL 370287, at *1 (S.D.N.Y. Feb. 10, 2026). Sinovac has "articulated a compelling interest" in limiting terms that, if made public, could impair its negotiation of other transactions, including the "specific financial figures" to which Sinovac agreed and the specific funds in which escrowed accounts were deposited, none of which played a role in the Court's adjudication of this case. *Id.*; *see* Dkt. 44 at 4–5; *Lugosch*, 435 F.3d at 121 ("[W]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption [of access] is low and amounts to little more than a prediction of public access absent a countervailing reason." (citation omitted)).

To the extent that Heng Sen and ALC seek to submit any further applications in this case, they shall file a motion to intervene.

SO ORDERED.

Dated: November 9, 2026
New York, New York

Ronnie Abrams
United States District Judge